FILED
'10 OCT -7 PM 1:17
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN GHAHREMANI, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>BORDERS GROUP, INC., a Michigan corporation;<br>BORDERS, INC., a Colorado corporation;<br>BORDERS ONLINE, Inc., a Michigan corporation;<br>BORDERS DIRECT, LLC, a Virginia limited liability company;<br>PAPERCHASE PRODUCTS LIMITED, a United Kingdom corporation; and<br>DOES 1 through 100, inclusive.,<br><br>Defendants. | CASE NO. 10-cv-1248-BEN-RBB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE PARAGRAPH 33 AND COUNT THREE OF PLAINTIFF'S COMPLAINT<br><br>[Docket No. 3] |

## INTRODUCTION

Before the Court is Defendants Borders Group, Inc., Borders, Inc., Borders Online, Borders Direct, LLC and Paperchase Products Limited's motion to strike Paragraph 33 and Count Three of Plaintiff Susan Ghahremani's Complaint as redundant, immaterial, impertinent or scandalous pursuant to Fed. R. Civ. P. 12(f).[1] For the following reasons, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Pursuant to the Court's order, Defendants Borders Group, Inc. and Borders Online, Inc. were dismissed without prejudice. (Docket No. 8.)

## BACKGROUND

This case arises from alleged copyright infringement pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq.* According to the Complaint, Plaintiff is an artist whose art and related products, particularly Plaintiff's owl designs, are distributed throughout the United States and world. (Compl., ¶ 10.) Plaintiff derives all of her income from the sale of products depicting her artwork, the vast majority of which is from sales of products by third party publishers licensing her owl designs. (*Id.*, ¶ 16.)

On July 9, 2009, through Plaintiff's publishing company, Plaintiff applied for registration of related owl design works, including the Treetops Journal, Orchard Owls Sticky Notes and Little Notes: Musical Notes with the Register of Copyrights. (*Id.*, ¶ 22.) On September 19, 2009, Plaintiff registered the "Classic Owl" design with the Register of Copyrights. (*Id.*, ¶ 19.)

Plaintiff alleges Defendants' Cameo product line infringes on her owl designs. Plaintiff alleges United Kingdom Defendant Paperchase, a subsidiary of Defendant Borders, exported Cameo products bearing the infringing designs into the United States for sale by Defendants Borders and Borders Direct. (*Id.*, ¶ 27.) Plaintiff alleges she immediately notified Defendants of the infringement. (*Id.*, ¶ 29.) Nonetheless, Defendants continue to sell and distribute their Cameo products without authorization from Plaintiff. (*Id.*, ¶ 31.)

On June 10, 2010, Plaintiff Susan Ghahremani filed her Complaint. The Complaint alleges three causes of action: direct copyright infringement, contributory copyright infringement and inducement copyright infringement. (Docket No. 1.)

On August 4, 2010, Defendants moved to strike Paragraph 33 and Count Three of the Complaint. (Docket No. 3.) Plaintiff filed an opposition, and Defendants filed a reply. (Docket Nos. 7, 9.)

## DISCUSSION

Defendants' motion is made pursuant to Federal Rule of Civil Procedure 12(f) and on the grounds that Paragraph 33 and Count 3 are redundant, immaterial, impertinent and scandalous, as well as prejudicial.

Under Rule 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a 12(f) motion to strike

is to avoid the time and cost spent on spurious issues by dispensing of those issues prior to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Courts will grant motions to strike if the allegations have no possible relation to the controversy and their presence in the pleading will prejudice the moving party. *Fantasy, Inc.*, 984 F.2d at 1527; *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008). However, motions to strike are disfavored because such motions are often viewed as delay tactics and because of the Court's policy favoring resolution of claims based upon the merits. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000); *Hayes v. Woodford*, 444 F. Supp. 2d 1127, 1132 (S.D. Cal. 2006); *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005). Accordingly, if there is any doubt as to whether the allegations may raise an issue of fact or law, the motion should be denied. *See In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

A. Paragraph 33

Defendants seek to strike Paragraph 33 as immaterial, impertinent and scandalous within the meaning of Rule 12(f), as well as unduly prejudicial.

"Immaterial" matter is "that which has no essential or important relationship to the claim for relief." *Fantasy, Inc.*, 984 F.2d at 1524. "Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Id.* A "scandalous" matter includes "allegations that cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com*, 114 F. Supp. 2d at 965.

"The immateriality and impertinence of the [allegations] must be measured by the legal standard governing copyright infringement." *Survivor Prod. LLC v. Fox Broad. Co.*, No. CV01-3234, 2001 U.S. Dist. Lexis 25512, at *7-*8 (C.D. Cal. June 11, 2001). To establish copyright infringement, Plaintiff must prove: (1) ownership of a copyrighted work, and (2) copying of the work's protected elements. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1472 (9th Cir. 1992). The second element is at issue here. To establish copying, Plaintiff must show "substantial similarity" to the protected work. *See Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).

Paragraph 33 states:

> On information and belief, Ms. Ghahremani alleges that Defendants conduct is part of its strategy to: (1) find commercially successful products made by seemingly independent artists; (2) copy those designs; (3) ship those products to the United States; and (4) sell those products within the United States without properly licensing or paying any royalties to the original artists. At least two other independent artists claim to have been infringed in nearly the exact same way. Defendants' scheme has been well publicized by The Guardian (see http://www.guardian.co.uk/artanddesign/2010/feb/11/paperchase-design-hidden-eloise) and Etsy.com (see http://www.etsy.com/storque/reviews/uk-edition-big-brand-copycats-7283/).

In her Opposition, Plaintiff contends Paragraph 33 provides historical background for the events surrounding this case. Generally, allegations that supply historical background will not be stricken unless the allegations are unduly prejudicial to the moving party. *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820 (N.D. Cal. 1992); *see Impulsive Music v. Pomodoro Grill, Inc.*, No. 08-cv-6293, 2008 U.S. Dist. Lexis 94148, at *8 (W.D.N.Y. Nov. 19, 2008). However, "[s]uperfluous historical allegations are a proper subject of a motion to strike." *Fantasy, Inc.*, 984 F.2d at 1527.

Second, Plaintiff contends Paragraph 33 is not immaterial, impertinent or scandalous because the allegations provide relevant habit evidence in order to recover punitive damages by proving Defendants' willful infringement. Federal Rule of Evidence 406 states: "[e]vidence of the . . . routine practice of an organization . . . is relevant to prove that the conduct of the . . . organization on a particular occasion was in conformity with the . . . routine practice." Fed. R. Evid. 406. Rule 406 creates tension with Federal Rule of Evidence 404 because of the difficulty in distinguishing between admissible evidence of habit and inadmissible character evidence. *See, e.g., Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1290 (7th Cir. 1988) ("We are cautious in permitting the admission of habit or pattern-of-conduct evidence under Rule 406 because it necessarily engenders the very real possibility that such evidence will be used to establish a party's propensity to act in conformity with its general character, thereby thwarting Rule 404's prohibition against the use of character evidence except for narrowly prescribed purposes."). To balance these interests, "the offering party [of the habit, or routine practice evidence] must

1  establish the degree of specificity and frequency of uniform response that ensures more than a mere
2  'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature."
3  *Simplex, Inc.*, 847 F.2d at 1293; *see Zubulake v. UBS Warburg LLC*, 382 F. Supp. 2d 536, 542
4  (S.D.N.Y. 2005). In short, the conduct must "reflect a systematic response to specific situations to
5  avoid the danger of unfair prejudice that ordinarily accompanies the admission of propensity
6  evidence." *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1285 (11th Cir. 2008).

7  The Court rejects Plaintiff's contentions. First, the allegations provide no historical
8  background between Defendants' alleged infringement activities and Plaintiff's owl designs.
9  Furthermore, Paragraph 33 does not relate to Plaintiff's claims when measured against the legal
10 standard governing copyright infringement. More particularly, the articles from the two websites
11 do not assist a trier of fact in determining Plaintiff's ownership of the owl designs or Defendants'
12 copying of those designs. Rather, the articles point to a single incidence of alleged copying over
13 Defendant Paperchase's 50-year business history. A single instance falls short of proving "semi-
14 automatic" conduct, or a routine business practice of the Defendants. Therefore, the allegations
15 within Paragraph 33 are immaterial to this case.

16 Like the stricken news articles in *Survivor Productions LLC v. Fox Broadcasting Co.*, No.
17 CV01-3234, 2001 U.S. Dist. Lexis 25512 (C.D. Cal. June 11, 2001),[2] Paragraph 33 is also
18 impertinent because the article in The Guardian and blog post "have no possible bearing on the
19 controversy between the parties." *Id.* at * 7-8. As found in *Survivor Productions*, inclusion of
20 Paragraph 33 "lends artificial credence to the opinions contained in the articles, and gives the
21 appearance that such opinions are legally relevant to the dispute. Such a consequence is
22 particularly damaging . . . where the articles describe Defendants[] in [a negative light]." *Id.* at
23 *10-*11. Because the Court finds that Paragraph 33 is immaterial and impertinent for purposes of
24 Rule 12(f), it does not address whether the allegations are also scandalous, as that issue is moot.

25 Even if this Court found that Paragraph 33 is not immaterial, impertinent or scandalous, the
26 allegations would be unduly prejudicial to the Defendants. Allegations that cause delay, confusion

---

28  [2] Notwithstanding that *Survivor Productions* is unpublished and not binding on this Court, the Court sees no reason to deviate from its well-reasoned opinion.

of issues, and unnecessarily complicate proceedings are examples of prejudice that may properly be stricken. *Fantasy, Inc.*, 984 F.2d at 1528; *see also Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (superfluous pleadings causing unwarranted inferences to be drawn by the trier of fact may be properly stricken). Here, citing a separate, unrelated instance where Defendant Paperchase has been accused of copyright infringement, without more, would only confuse and unnecessarily complicate the issues between these particular parties.

For the reasons stated above, Defendants' motion to strike Paragraph 33 is **GRANTED**.

*B. Count Three (Inducement of Copyright Infringement)*

Defendants also seek to strike Count Three as redundant of Plaintiff's contributory infringement claim.

"Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Alco Pac., Inc.*, 217 F. Supp. at 1033; *see also Wilkerson*, 229 F.R.D. at 170 (stating a redundant matter consists of allegations that constitute a needless repetition of other averments). Courts will strike a claim as redundant when it essentially repeats another claim within the same complaint. *Lamke v. Sunstate Equip. Co., LLC*, 387 F. Supp. 2d 1044, 1047 (N.D. Cal. 2007). "[T]he possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw "unwarranted" inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Jacobsen*, 609 F. Supp. at 935.

Regarding the claims in this case, the Supreme Court has observed, "[o]ne infringes contributorily by intentionally inducing or encouraging direct infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). Several courts have subsequently expressed doubt as to whether inducement infringement states a separate claim, or whether it is a species of contributory infringement. *IO Group, Inc. v. Jordon*, 2010 U.S. Dist. Lexis 47837 at *23 (N.D. Cal. April 16, 2010); *see KBL Corp. v. Arnouts*, 646 F. Supp. 2d 335, 345-46 (S.D.N.Y. 2009); *Capitol Records, Inc. v. NP3Tunes, LLC*, 2009 U.S. Dist. Lexis 96521, at *13-*14 (S.D.N.Y. Oct. 16, 2009). However, as one court put it, "[i]t is immaterial whether the

1  [inducement] theory of liability is a subspecies of contributory . . . liability, or whether it is a
2  separate theory based on inducement. The question is whether it applies to the defendants in this
3  case." *In re Napster, Inc. Copyright Litig.*, 2006 U.S. Dist. Lexis 30338, at *31 (N.D. Cal. May
4  16, 2006).

5        A complaint is sufficient if it gives the defendant "fair notice of what the . . . claim is and
6  the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). More
7  generally, the Federal Rules are designed to minimize technical disputes over pleadings. *Ashcroft*
8  *v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Regardless of whether the inducement infringement claim
9  is formatted as a subset, or "subspecies," of the contributory claim or as a separate cause of action,
10 Defendants have been put on adequate notice that Plaintiff pleads all three forms of infringement,
11 *i.e.*, direct, contributory and inducement. Despite the similarity between the contributory and
12 inducement claims, the Court does not find the inclusion of this claim unnecessarily complicated as
13 to lead the trier of fact astray or prejudice Defendants.

14       In light of the above, the early stages of this case, and the Court's obligation to determine
15 the motion in the light most favorable to the pleading party, Defendants' motion to strike Count
16 Three is **DENIED**.

17 **CONCLUSION**

18       For the reasons set forth above, Defendants' motion to strike Paragraph 33 is **GRANTED**,
19 and Defendants' motion to strike Count Three is **DENIED**.
20 **IT IS SO ORDERED**.
21 Date: October __6__, 2010

22 Hon. Roger T. Benitez
   United States District Court Judge